WWR#09069203

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY AT COVINGTON

| | |
|---|---|
| IN RE: | CASE NO. 10-23080 |
| ANTHONY R. STARNES | CHAPTER 13 |
| HEIDI A. STARNES | JUDGE WISE |
| DEBTORS | |

**M&I BANK, FSB'S
MOTION FOR RELIEF FROM STAY
AS TO 7578 VALLEY WATCH DRIVE, FLORENCE, KY 41042**

Now comes M&I BANK, FSB, a secured creditor in the above-captioned case, and requests this Court for an order terminating the stay to enable Creditor to foreclose its mortgage and otherwise exercise its contractual and state law rights as to the following real property: 7578 VALLEY WATCH DRIVE, FLORENCE, KY 41042. As more fully set forth below, Debtors did not make the required payments outside the plan, post petition to Creditor.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ John L. Day, Jr.
John L. Day, Jr., (KY-17328) (OH-0003734)
Attorney for Creditor
525 Vine Street, Suite 800
Cincinnati, OH 45202
513-723-2206
jday@weltman.com

**MEMORANDUM**

1. Jurisdiction over this matter is vested in this Court by virtue of 28 U.S.C. Section 1334(b) and the general order of reference previously entered in this district.

2. This is a core proceeding under 28 U.S.C Section 157(b)(2)(G).

3. Creditor holds a lien or mortgage on the following property owned by Debtors: 7578 VALLEY WATCH DRIVE, FLORENCE, KY 41042. Copies of all substantiating loan documentation are attached hereto and made a part hereof.

4. Anthony and Heidi Starnes, Debtors filed a Chapter 13 Petition in Bankruptcy on November 17, 2010 and continue in possession of the property.

5. The current payoff balance on the Creditor's loan is $168,627.57. The approximate value of the property is $160,000.

6. Debtors breached the terms of the confirmed plan by not making post petition regular payments to Creditor, as follows:

```
7    regular mortgage payments @ $1,083.21 each =          $7,582.47
     late fees =                                           $  162.48
          legal fees and expenses                          $  359.50
          less unapplied funds         (716.79)
          Total                                            $7,387.66
```

7. Debtors have continued use of the property, without making the necessary payments to Creditor. As a result, Creditor is entitled to relief from stay for cause and for lack of adequate protection for its collateral pursuant to 11 U.S.C. § 362(d)(1).

For the foregoing reasons, Creditor requests that it be granted relief from stay to foreclose its mortgage and otherwise exercise its contractual and state law rights and that the stay remain terminated if Debtor converts to another chapter.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ John L. Day, Jr.
John L. Day, Jr., (KY-17328) (OH-0003734)
Attorney for Creditor

## NOTICE

Pursuant to Local Bankruptcy Rule, any responsive filing or memorandum to this motion must be filed within 14 days from the date of service as set forth on the certificate of service attached to this motion.  Failure to file a response and accompanying memorandum on a timely basis may cause for the Court to grant the motion as filed without further notice.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion for relief from stay has been sent this June 9, 2011 by ordinary mail or by electronic or email notification to the following:

Samantha J. Evans
3035 Dixie Highway #106
Edgewood, KY 41017

ANTHONY R. STARNES
7578 Valley Watch Drive
Florence, KY 41042

HEIDI A. STARNES
7578 Valley Watch Drive
Florence, KY 41042

Beverly Burden, Trustee
P.O. Box 2204
Lexington, KY  40588-2204

Office of the U. S. Trustee
100 East Vine Street, Suite 803
Lexington, KY  40507

/s/ John L. Day, Jr.
John L. Day, Jr., (KY-17328) (OH-0003734)

Account No.: 0168

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF KENTUCKY AT COVINGTON | PROOF OF CLAIM<br>WWR# 09069203 |
|---|---|
| **Name of Debtor:**<br>ANTHONY R. STARNES<br>HEIDI A. STARNES | **Case Number:**<br>10-23080 |

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom Debtor owes money or property):**

M&I BANK, FSB

**Name and addresses where notices should be sent:**

M&I BANK, FSB
770 North Water St.
Milwaukee, WI 53202
**Telephone number.**
(513) 723-2200 (WWR)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on:

**Name and address where payment should be sent (if different from above):**

M&I BANK, FSB
770 North Water St.
Milwaukee, WI 53202
**Telephone number:**
(513) 723-2200 (WWR)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount Of Claim At Time Case Filed:** **$168,627.57**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** **0168**

   **3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
**Nature of property or right of setoff:** ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:** 7578 VALLEY WATCH DRIVE, FLORENCE, KY 41042

**Value of Property: $___    Annual Interest Rate ___%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $7,387.66  Basis for perfection:**

**Amount of Secured Claim: $168,627.57  Amount Unsecured: $**

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>June 8, 2011 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | For Court Use Only |
|---|---|---|

/S/ John L. Day, Jr.

John L. Day, Jr.**,** (KY-17328) (OH-0003734)  Weltman, Weinberg & Reis Co., L.P.A.

# BALLOON NOTE
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

February 26, 2005  
[Date]

CINCINNATI  
[City]

OHIO  
[State]

7578 VALLEY WATCH DR  
FLORENCE, KY 41042  
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $175,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is M&I Bank FSB

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.300 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

(A) **Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st day of each month beginning on May 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 1, 2020, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at M&I Bank FSB-Payment Processing; P.O. Box 3186 Milwaukee, WI 53201-3186
or at a different place if required by the Note Holder.

(B) **Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,083.21

ANTHONY R STARNES  
LN: 5226

ID: 7641  
Note: 168

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT  
Page 1 of 3

Form 3260 1/01

Initials: HRS

VMP-870N (0205)  
VMP MORTGAGE FORMS - (800)521-7291

*HAS*

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

  **(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

  **(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

  **(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

  **(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

  **(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ANTHONY R STARNES               -Borrower

_____ (Seal)
HEIDI A STARNES                 -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

[Sign Original Only]

ID: 7641               Note: 168               LN 5226

VMP-870N (0205)               Page 3 of 3               Form 3260 1/01

0514167
AC401355

RETURN TO:

Return To:
Accurate Title Solutions
10999 Reed Hartman #111
Cincinnati, OH 45242

Return To:
M&I Bank FSB
P.O. Box 5920
Madison, WI  53705-0920

Prepared By:
Randy Henkle
3993 Howard Hughes Parkway
Las Vegas, NV 89109

_____
Preparer

———————————————[Space Above This Line For Recording Data]———————————————

# MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated February 26, 2005, together with all Riders to this document.

(B) "Borrower" is ANTHONY R STARNES and HEIDI A STARNES, (Husband & Wife)

Borrower is the mortgagor under this Security Instrument.
ID: ▓▓7641    Note: ▓168    LN: ▓5226

KENTUCKY - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3018  1/01 (rev. 10/01)

VMP-6(KY) (0405)
Page 1 of 16    Initials: ___
VMP Mortgage Solutions (800)521-7291

BOONE COUNTY
M2850    PG 52

(C) "Lender" is M&I Bank FSB

Lender is a corporation
organized and existing under the laws of Nevada
Lender's address is 3993 Howard Hughes Parkway, Las Vegas, NV 89109

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated February 26, 2005
The Note states that Borrower owes Lender One Hundred Seventy-five Thousand And 00/100 Dollars
(U.S. $175,000.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 2020            . This Security Instrument secures 150% of the principal amount of the Note, but any amount secured in excess of the amount stated in the second sentence of this paragraph must be a "Protective Advance" as defined by Section 26 hereof (or, if the rate of interest is adjustable, may be interest added to principal, commonly called "negative amortization").
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                 ☐ Biweekly Payment Rider         ☐ Other(s) [specify]

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

ID: ███7641              Note: ██0168              Initials: _HAS_         LN: ██5226
VMP-6(KY) (0405)         Page 2 of 15                                      Form 3018 1/01 (rev. 10/01)

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County                       [Type of Recording Jurisdiction]
of BOONE                                                [Name of Recording Jurisdiction]:
SITUATED IN THE COUNTY OF BOONE, COMMONWEALTH OF KENTUCKY, AND BEING ALL OF LOT NUMBER ONE HUNDRED SEVENTY-THREE (173) OF SILVER CREEK SUBDIVISION, SECTION SIX, AS SHOWN ON PLAT SLIDE 428-B OF THE BOONE COUNTY CLERK'S RECORDS AT BURLINGTON, KENTUCKY. SUBJECT TO ALL EASEMENTS, CONDITIONS, COVENANTS, RESERVATIONS, AND RESTRICTIONS OF RECORD, IF ANY, AND TO ALL LEGAL HIGHWAYS AND RIGHT-OF-WAYS. BEING THE SAME PREMISES CONVEYED TO HEIDI A. AND ANTHONY R. STARNES, WIFE AND HUSBAND, BY DEED DATED JULY 18, 2002 AND RECORDED IN DEED BOOK D-837, PAGE 392 OF THE BOONE COUNTY CLERK'S RECORDS AT BURLINGTON, KENTUCKY.

Tax Parcel ID Number: 050-60-11-173.00                which currently has the address of
7578 VALLEY WATCH DR                                                          [Street]
FLORENCE                                               [City], Kentucky 41042      [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

ID: ▇7641                     Note: ▇0168            Initials: _____       LN: ▇5226
VMP-6(KY) (0405)                    Page 3 of 15                    Form 3018  1/01 (rev. 10/01)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____ (Seal)
ANTHONY R STARNES                -Borrower

_____

_____ (Seal)
HEIDI A STARNES                  -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                                   -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                                   -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                                   -Borrower

ID:    ●●●7641                Note:●●0168                   LN:●●5226

VMP-6(KY) (0405)              Page 14 of 16                  Form 3018  1/01 (rev. 10/01)

BOONE COUNTY
**M2850    PG 65**

STATE OF KENTUCKY, Boone                                                    County ss:

The foregoing instrument was acknowledged before me this February, 26, 2005
by ANTHONY R STARNES and HEIDI A STARNES, husband and wife.

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she (they) executed the same for the purposes therein contained.

My Commission Expires:



Notary Public

JASON C. WAGNER
Notary Public, State of Ohio
My Commission Expires Jan. 4, 2010

JASON WAGNER
NOTARY PUBLIC - SPECIAL COMMISSIONS
STATE OF KENTUCKY
MY COMMISSION EXPIRES 5/14/05

ID: 3##7641

Note: ##0168

Page 15 of 15

Initial: AS HAS

code: 1
LN: ##5226
Form 3018  1/01 (rev. 10/01)

VMP-6(KY) (0405)

BOONE COUNTY
M2850    PG 66

Exhibit 'A' - Legal Description (ACTA File # ACT01355)

GROUP NO. 3740

SITUATED IN THE COUNTY OF BOONE, COMMONWEALTH OF KENTUCKY, AND BEING ALL OF LOT NUMBER ONE HUNDRED SEVENTY-THREE (173) OF SILVER CREEK SUBDIVISION, SECTION SIX, AS SHOWN ON PLAT SLIDE 428-B OF THE BOONE COUNTY CLERK'S RECORDS AT BURLINGTON, KENTUCKY.
SUBJECT TO ALL EASEMENTS, CONDITIONS, COVENANTS, RESERVATIONS, AND RESTRICTIONS OF RECORD, IF ANY, AND TO ALL LEGAL HIGHWAYS AND RIGHT-OF-WAYS.

BEING THE SAME PREMISES CONVEYED TO HEIDI A. AND ANTHONY R. STARNES, WIFE AND HUSBAND, BY DEED DATED July 18, 2002 AND RECORDED IN DEED BOOK D-837, PAGE 392 OF THE BOONE COUNTY CLERK'S RECORDS AT BURLINGTON, KENTUCKY.

More Commonly Known As:   7578 VALLEY WATCH DRIVE
                          FLORENCE, KY 41042

PIDN: 050-00-11-173.00

BOONE COUNTY
M2850      PG 67

DOCUMENT NO:    294786
RECORDED ON: MARCH 07, 2005 01:48:34PM
TOTAL FEES:      $38.00
GROUP   : 3740
COUNTY CLERK: MARILYN K ROUSE
COUNTY:      BOONE COUNTY CLERK
DEPUTY CLERK: KARLA HORNBECK

BOOK M2850      PAGES  52 -  67